UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SANDRA E. ADAMS,

      Plaintiff,

v.                                                            Case No:   6:15-cv-282-Orl-37TBS

MAGICAL CRUISE COMPANY,
LIMITED,

      Defendant.

_____

## ORDER

      This case comes before the Court on Defendant's Motion to Compel Discovery
(Doc. 20). Plaintiff has not responded to the motion and the time within to do so has
expired. When a party fails to respond, that is an indication that the motion is unopposed.
Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1
(M.D. Fla. June 2, 2015); Jones v. Bank of America, N.A., 564 F. App'x. 432, 434 (11th
Cir. 2014)[1] (citing Kramer v. Gwinnett Cnty., Ga., 306 F. Supp. 2d 1219, 1221 (N.D. Ga.
2004); Daisy, Inc. v. Polio Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL
234251, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could
consider motion to compel unopposed)); Brown v. Platinum Wrench Auto Repair, Inc.,
No. 8:10-cv-2168-T-33TGW, 2012 WL 333808, at * 1 (M.D. Fla. Feb. 1, 2012) (after party
failed to respond, court treated motion for summary judgment as unopposed). The Court
treats Defendant's motion to compel as unopposed.

_____

[1] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive
authority." CTA11 Rule 36-2.

Plaintiff alleges that she was a paying passenger on Defendant's vessel, the Wonder when she slipped and fell in her cabin shower, injuring her knee, neck and back (Doc. 1). She claims that her injuries were a result of Defendant's negligence (Id.). On June 28, 2016, Defendant served interrogatories and requests for production on Plaintiff, to obtain information concerning any experts Plaintiff may call as witnesses at trial (Docs. 20-1, 20-2). Plaintiff has not responded or objected to this discovery (Doc. 20, ¶ 2). Now, Defendant seeks an order compelling the discovery or alternatively, that the Court strike Plaintiff's expert witness (Id., ¶ 9). The Court does not know if Plaintiff has in fact engaged any testifying experts.

If Plaintiff has employed one or more testifying experts then the Case Management and Scheduling Order ("CMSO") gave Plaintiff through June 3, 2016 to disclose her expert reports (Doc. 14 at 1). The CMSO states that "[e]xpert testimony on direct examination at trial will be limited to the opinions, bases, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this Order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness." (Id., at 4). The Court does not know if Plaintiff has disclosed any expert reports to Defendant.

"The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." Oliver v. City of Orlando, No. 6:06-cv1671-Orl-31DAB, 2007 WL 3232227, at * 1 (M.D. Fla. Oct. 31, 2007) (citing United States v. Proctor & Gamble Co., 356 U.S. 677, 682 (1958)). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a

motion requiring judicial intervention. <u>S.L. Sakansky & Assoc., Inc. v. Allied Am. Adjusting Co. of Florida, LLC,</u> No. 3:05-cv-708-J-32MCR, , *1 (M.D. Fla. Jul. 6, 2007).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

A party can serve on any other party written interrogatories pertaining to matters within the scope of FED. R. CIV. P. 26(b). The party upon whom interrogatories are served has 30 days to respond, either by filing answers or objections to the interrogatories. FED. R. CIV. P. 33(b). If the party propounding the interrogatories does not receive a response, then it may request an order compelling disclosure. FED. R. CIV. P. 37(a).

Parties may also serve requests "to produce and permit the requesting party or its representative to inspect, copy, test, or sample" documents, electronically stored information, or other "tangible things" that are "in the responding party's possession, custody, or control." FED. R. CIV. P. 34(a)(1). Requests "(A) must describe with reasonable particularity each item or category of items to be inspected; (B) must specify a reasonable time, place, and manner for the inspection ... ; and (C) may specify the form or forms in which the electronically stored information is to be produced." FED. R. CIV. P. 34(b)(1). The recipient of a request for production has 30 days to respond. FED. R. CIV. P. 34(b)(2)(A). For each request, the responding party "must either state that inspection ... will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection must state

whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C). Documents must be produced as they are kept in the ordinary course of business or must be "organize[d] and label[ed] to correspond to the categories in the request." FED. R. CIV. P. 34(b)(2)(E)(i). "[A]n evasive or incomplete disclosure, answer, or response" to a discovery request is "treated as a failure to disclose, answer, or respond."  FED. R. CIV. P. 37(a)(4). When a party "fails to produce documents or fails to respond that inspection will be permitted–or fails to permit inspection–as requested under Rule 34," the requesting party can move for an order to compel the discovery. FED. R. CIV. P. 37(a)(3)(B)(iv).

Motions to compel must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. FED. R. CIV. P. 37(a)(1). Defendant's motion contains the required certification (Doc. 20, ¶ 8).

Plaintiff having failed to respond to Defendant's interrogatories and requests for production, the motion is **GRANTED**. Plaintiff has **through August 23, 2016** to fully answer Defendant's interrogatories and to fully comply with Defendant's requests to produce.[2]

**DONE** and **ORDERED** in Orlando, Florida on August 16, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

---

[2] The Court sees no reason to give Plaintiff more than seven days since she has already had the time permitted by the rules, and the additional time between the filing of the motion to compel and the entry of this Order.