UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SANDRA E. ADAMS,

    Plaintiff,

v.                                        Case No:   6:15-cv-282-Orl-37TBS

MAGICAL CRUISE COMPANY,
LIMITED,

    Defendant.
_____

## ORDER

This case comes before the Court without oral argument on Defendant's Unopposed Motion to Strike Plaintiff's Demand for Jury Trial (Doc. 38). Defense counsel represents that he has discussed the motion with counsel for Plaintiff and that Plaintiff does "not object or concur with the requested relief." (Id., at 4).

Plaintiff alleges that "[t]his is a case of admiralty and maritime jurisdiction, as hereinafter more fully stated and is within the meaning of Rule 9(h)." (Doc. 1, ¶ 3). Federal Rule of Civil Procedure 9(h) provides:

> (h) Admiralty or Maritime Claim.
>
> (1) How Designated. If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rule 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

Federal Rule of Civil Procedure 38(e) states that: "These rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)."

In Waring v. Clarke, the Supreme Court found that the Seventh Amendment's preservation of the right to trial by jury in cases where the amount in controversy exceeds $20 does not include admiralty cases. 46 U.S. 441, 459-60 (1847); see also St. Paul Fire and Marine Ins. Co. v. Lago Canyon, Inc., 561 F.3d 1181, 1188 (11th Cir. 2009) ("[T]he pleader has the right to determine procedural consequences(including the right to a jury trial) by a simple statement in his pleading that the claim is an admiralty claim."); Beiswenger Enter. Corp. v. Caletta, 86 F.3d 1032, 1037 (11th Cir. 1996) ("In limitation proceedings, as in all admiralty cases, there is no right to a jury trial."). Accordingly, and because Plaintiff has elected to not oppose the motion, Defendant's motion to strike is **GRANTED**, the jury trial demand is **STRICKEN** from Plaintiff's complaint, the Case Management and Scheduling Order is modified to reflect that this is a non-jury case, and the Court will try the case without a jury.

   **DONE** and **ORDERED** in Orlando, Florida on November 2, 2016.

*[Signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record